IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CR-187-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | **ORDER** |
| | : | |
| THURMAN STANCIL | : | |

This matter is before the Court on motion by the Government to strike the "petition" submitted by Joseph H.A. Lee and Maria L. Lee on August 8, 2016 (DE# 131) for failure to comply with 21 U.S.C. § 853(n)(3).

On April 14, 2016 the Court entered a Preliminary Order of Forfeiture forfeiting the interest of the defendant in the property named in the Indictment (DE# 1) and pertinent hereto, that is, a tract of real property having the physical address of 357 Barnes Lake Road, Middlesex, North Carolina. In paragraph 2.e of his plea agreement filed on March 2, 2016, the defendant specifically agreed to the forfeiture of the real property. (DE# 98).

On August 8, 2016 the Clerk docketed as "received" a letter addressed to the Court from Joseph H.A. Lee and Maria L. Lee, indicating that they "would like to submit an application for interested property as the third party whom under your court

1

jurisdiction (sic)." Attached to the letter is a pre-printed "Seized Asset Claim Form." Part II of the form asks claimants to "[s]tate your interest in each asset listed and explain why you believe the property belongs to you." The Lees simply list the street address of the property but do not explain the nature of their interest or why it belongs to them. They sign and date the form, making their claim under penalty of perjury. The claim language warns them that "[i]f a court finds that a claimant's assertion of an interest in property was frivolous, the court may impose a civil fine."

21 U.S.C. § 853(n)(3) states that any petition filed by a person asserting a legal interest in real property "shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." Contrary to the statute, the petition submitted by the Lees fails to provide any of this information, making it fatally flawed and subject to dismissal. E.g., United States v. Fabian, 764 F.3d 636, 638 (6th Cir. 2014) (affirming dismissal of claim that asserted only a "conclusory legal interest"); United States v. Hailey, 924 F.Supp.2nd 648, 658 (D. Md. 2013) (claim must state the statutory and factual

2

basis for the claim in sufficient detail to allow the court to determine if a motion to dismiss for failure to state a claim should be granted, and to provide guidance as to what discovery is needed).

ACCORDINGLY, The Government's motion is GRANTED and the petition is STRICKEN.

SO ORDERED. This **3** day of ~~September~~ *October*, 2016.

*Terrence W. Boyle*
TERRENCE W. BOYLE
United States District Judge

3